UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-7249 PSG (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | Jacqueline Hollander v. The Irrevocable Trust Established by James Brown in August 1, 2000, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:   (In Chambers) Order GRANTING Defendants' motion to dismiss**

Pending before the Court is Defendants' motion to dismiss Plaintiff Jacqueline Hollander's ("Plaintiff") Complaint. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to Defendants' motion, the Court GRANTS the motion.

I.   Background

Plaintiff Jacqueline Hollander ("Plaintiff") brings this action against The Irrevocable Trust Established by James Brown in August 1, 2000 (the "Trust"), Russell L. Baunight, UMG Recordings, Inc., Universal Music Group, Inc., Warner Music Group, Inc., and Warner/Chappell Music, Inc. (collectively, "Defendants"), seeking a declaration that she had a partnership with the late entertainer James Brown ("Brown"), that the trust established by Brown in 2000 was an "extension" of that partnership, and thus, that she is legally entitled to the assets and proceeds of the Trust as the "surviving partner." *See Prayer for Relief* ¶ 1; *see also Compl.* ¶ 32. Plaintiff further requests a declaration that the Trust assets to which she purportedly is entitled include "all of the copyrights and trademarks donated to the Trust by James Brown…with all rights and privileges afforded that ownership." *Prayer for Relief* ¶ 2(e). Additionally, based on the foregoing determinations, she seeks another declaration that Defendants Warner and Universal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7249 PSG (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | Jacqueline Hollander v. The Irrevocable Trust Established by James Brown in August 1, 2000, *et al.* | | |

infringed Plaintiff's copyrights and that she is therefore entitled to statutory damages well as for reimbursement of royalties owed. *Id.* ¶¶ 3(1)-(2); ¶4(1)-(3).

      This is Plaintiff's fourth attempt to litigate these issues in federal court and her second attempt to litigate them before this Court.[1] In her first action before the Court, she similarly sought declaratory judgment and an accounting against Defendants based on allegations that, as a result of a previous partnership with deceased entertainer James Brown, she is the lawful owner of Trust assets that are to be distributed to Brown's heirs and others under a settlement agreement approved by a South Carolina state court. *See Jacqueline Hollander v. The Irrevocable Trust Established by James Brown in August, 1 2000, et al.,* CV 10-3357 PSG (AJWx) (the "First Action"), *Compl.* ¶¶ 14-17 (May 5, 2010). However, on July 7, 2010, the Court dismissed Plaintiff's complaint upon determining that it lacked subject matter jurisdiction over the case. *Id.*, Dkt. # 50 (July 7, 2010). In so holding, the Court reasoned that to grant Plaintiff the declaratory relief she desired would require the Court to assert control over property that was the subject of probate proceedings in South Carolina, in contravention of the "probate exception" to federal subject matter jurisdiction. *See Marshall v. Marshall*, 547 U.S. 293, 311, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006).

      On September 29, 2010, approximately six weeks after the Court's dismissal of the First Action, Plaintiff filed this lawsuit, seeking essentially the same relief. *See Compl.,* Dkt. # 1 (Sept. 29, 2010). Defendants now move to dismiss her Complaint for lack of federal subject matter jurisdiction, personal jurisdiction, improper venue, and untimely service. *See* Dkt. # 17 (May 17, 2011).

II.    <u>Legal Standard</u>

---

[1] Plaintiff unsuccessfully brought two lawsuits against Defendants in the Northern District of Illinois seeking the same relief. *See Anderson Decl.,* Ex. A (*Bauknight Decl*., ¶ 11, Ex. 2 (Orders from the Northern District of Illinois dismissing *Hollander I* and *Hollander II* complaints)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7249 PSG (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | Jacqueline Hollander v. The Irrevocable Trust Established by James Brown in August 1, 2000, *et al.* | | |

      The probate exception is a jurisdictional limitation on federal courts that "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006). A federal court may, however, "exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court." *Markham v. Allen,* 326 U.S. 490, 66 S. Ct. 296, 90 L. Ed. 256 (1946). Thus, a federal court may adjudicate rights regarding property that is the subject of a probate proceeding so long as the relief sought would not require the federal court "to assert control over property that remains under the control of the state courts." *Lefkowitz v. Bank of N.Y.,* 528 F.3d 102, 107 (2d Cir. 2007) (holding that the federal district court properly dismissed claims under the probate exception where plaintiff sought "to mask in claims for federal relief her complaints about the administration of her [parents'] estates, which have been proceeding in probate courts").

III.    Discussion

    A.    South Carolina Probate Proceedings

      Following the death of James Brown in 2006, probate proceedings were instituted in Aiken County, South Carolina probate court.[2] *Compl.* ¶ 13. In January and February 2009, Plaintiff filed a notice of appearance in the South Carolina James Brown Trust & Estate litigation and objected to the global settlement agreement. *See Anderson Decl.,* Ex. A at 8-10. Notwithstanding Plaintiff's objection, on May 26, 2009, the Probate Court issued an Order approving the global settlement agreement. *Anderson Decl.* ¶ 4, Ex. A. The settlement agreement has since been appealed, and final approval of the Probate Court's May 26, 2009 Order is currently pending before the South Carolina Supreme Court. *Anderson Decl.,* ¶ 5, Ex. B.

---

[2] Litigation of Mr. Brown's Trust and Estate was subsequently transferred to South Carolina Circuit Court, which, operates as the Probate Court for purposes of this action. *Bauknight Decl.* ¶ 4 [Dkt. # 17-2 (May 17, 2011)].

Link to doc. # 17 & 22
O   / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-7249 PSG (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | Jacqueline Hollander v. The Irrevocable Trust Established by James Brown in August 1, 2000, *et al.* | | |

B.   Analysis

As previously indicated, Plaintiff now seeks an Order declaring that she legally owns all asserts and proceeds in the Trust, including all intellectual property donated to the Trust. Defendants, however, argue that this case should be dismissed because, among other reasons, it falls within the probate exception to federal subject matter jurisdiction. *Mot.* 3:12-7:25. For reasons explained below, the Court agrees.

In opposing Defendants' motion, Plaintiff presents essentially three arguments as to why her Complaint does not fall within the probate exception. First, she argues that because the Probate Court improperly exercised jurisdiction of the Trust without making the Trust a party to the probate action, the remaining partnership assets, specifically Brown's intellectual property, are not part of the general Estate of James Brown ("Estate"). *Compl.* ¶¶ 13, 19-20; *Opp'n* 5:8-7:10. Second, she claims that because the copyrights of James Brown "comprise approximately ninety percent of the total estate[,]" and because the "ownership of [copyrights] is relegated to interpretation only be the federal courts," federal subject matter jurisdiction therefore exists over this action. *Opp'n* 8:1-23. Third, she asserts that "the question of whether James Brown and Plaintiff were partners almost twenty years before James Brown died is not a question that should be the exclusive province of the Probate Court of South Carolina or the Circuit Court [of South Carolina]." *Opp'n* 5:1-7.

None of these arguments, however, carry the day. First, Plaintiff is mistaken in believing that she can evade the probate exception by alleging that the Trust contains assets (namely, intellectual property) that are not part of the probate estate. As the Court made clear in its July 7, 2010 Order, "the relationship between the Estate and the Trust and claims of various parties upon both have been subject of probate proceedings." *See* Dkt. #50 (July 7, 2010). Further, as Defendants correctly point out, "ownership of James Brown's intellectual property – whether by his Estate or by the Trust – is a central element of the settlement agreement now on appeal to the South Carolina Supreme Court." *Reply* 2:11-13. Accordingly, even though the Estate was strategically excluded as a defendant in this case, differentiating between the Estate and Trust would run afoul of the rule in *Marshall* forbidding federal courts from asserting control over property that is in the custody of a state probate court. *Marshall,* 547 U.S. at 311-12.

Link to doc. # 17 & 22
O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7249 PSG (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | Jacqueline Hollander v. The Irrevocable Trust Established by James Brown in August 1, 2000, *et al.* | | |

Plaintiff's second argument, that the Court has subject matter jurisdiction based on her copyright claim, is equally unconvincing. Even if Plaintiff did articulate a cognizable claim for copyright infringement (as opposed to a claim for declaratory relief regarding her ownership rights to the intellectual property), the "probate exception" is not limited to claims based on diversity jurisdiction. As the Seventh Circuit explained,

> [t]here is no good reason to strain to give a different meaning to the identical language in the diversity and federal-question statutes. The best contemporary reasons for keeping federal courts out of the business of probating wills . . . are as persuasive when a suit is filed in federal court on the basis of federal law as when it is based on state law.

*Jones v. Brennan*, 465 F.3d 304, 307 (7th Cir. 2006). Moreover, because the South Carolina Probate Court took *in rem* jurisdiction over the intellectual property first, jurisdiction in this Court is also improper under the doctrine of prior exclusive jurisdiction. *See U.S. v. One Oil Painting Entitled "Femme en Blanc" by Pablo Picasso*, 362 F. Supp. 2d 1175, 1180 (C.D. Cal. 2005) ("The doctrine of prior exclusive jurisdiction prohibits a court from 'assuming *in rem* jurisdiction over a *res* that is already under the *in rem* jurisdiction of another court.'") (quoting *United States v. One 1985 Cadillac Seville,* 866 F.2d 1142, 1145 (9th Cir. 1989)).

Lastly, the Court rejects Plaintiff's attempt to circumvent the probate exception by characterizing this action as merely involving the "non-probate question" of whether she and James Brown entered into a partnership. Her request for declaratory relief regarding her partnership with Mr. Brown, rather, belies a thinly-veiled attempt to re-litigate broader claims regarding her ownership interest in the Trust and entitlement to Mr. Brown's intellectual property. *See Lefkowitz,* 528 F.3d at 107. Given the circumstances of this case and nature of Plaintiff's allegations, an order by this Court declaring that a partnership was established would, in effect, determine the rights of interested parties and therefore interfere with administration of the estate by the Probate Court.[3] *See id.*; *see also Gustafson v. Zumbrunnen*, 546 F.3d 398, 400

---

[3] Plaintiff attempts to analogize the question of partnership raised in this case with the plaintiff's claim of tortious interference in *Marshall*, *see Opp.* 5:1. Such efforts, however, are misguided.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7249 PSG (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | Jacqueline Hollander v. The Irrevocable Trust Established by James Brown in August 1, 2000, *et al.* | | |

(7th Cir. 2008) (Posner, J.) (noting that a case is not within the probate exception when the judgment sought would not "reallocate the estate's assets among contending claimants or otherwise interfere with the probate court's control over and administration of the estate").

IV. Conclusion

Thus, based on the foregoing, the Court concludes that the probate exception applies, and, accordingly, that the Court lacks subject matter jurisdiction over this action.[4] Defendants' motion to dismiss is therefore GRANTED and the case is DISMISSED with prejudice.

**IT IS SO ORDERED.**

---

In *Marshall*, the plaintiff sought *in personam* judgment against the defendant based on a widely recognized tort. *Marshall,* 547 U.S. at 312. Because the claim did not involve the administration of an estate, the probate of a will, or a *res* in the custody of a probate court, the *Marshall* Court held that the probate exception did not apply. *Id.* Here, however, Plaintiff's claim directly involves the probate of Brown's will.

[4] Because the Court determines that it lacks jurisdiction over this action, it need not address the alternative grounds for dismissal presented in Defendants' motion.