O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-7249 PSG (AJWx) | Date | Sept. 20, 2011 |
|---|---|---|---|
| Title | Jacqueline Hollander v. The Irrevocable Trust Established by James Brown in August 1, 2000, *et al.* | | |

Present:   The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                                             Not Present

**Proceedings:**   (In Chambers) Order DENYING Plaintiff's motion to vacate

Before the Court is Plaintiff Jacqueline Hollander's ("Plaintiff") motion to vacate, amend, or grant relief from the Court's June 30, 2011 Order dismissing her Complaint for lack of subject matter jurisdiction. In that Order, the Court held that it lacked jurisdiction because Plaintiff's claims were subject to the "probate exception" of subject matter jurisdiction. Now, in bringing this motion, Plaintiff contends that vacatur of the Court's June 2011 Order is appropriate because the Court failed to consider certain issues and wrongfully decided other issues. Having read and considered the papers submitted in support of and in opposition to the motion, the Court disagrees.

Although stylized as a motion to vacate under Federal Rule of Civil Procedure 60, the substance of Plaintiff's argument indicates that her motion is properly construed as a motion for reconsideration under Rule 59(e). Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1115 (C.D. Cal. 2005). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.' " *Kona*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7249 PSG (AJWx) | Date | Sept. 20, 2011 |
|---|---|---|---|
| Title | Jacqueline Hollander v. The Irrevocable Trust Established by James Brown in August 1, 2000, *et al.* | | |

*Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations and quotations omitted).   Plaintiff does not even attempt to meet any of these requirements. [1]

Accordingly, for the foregoing reasons, Plaintiff's motion to vacate, amend, or grant relief from the Court's June 30, 2011 Order is DENIED.

**IT IS SO ORDERED.**

---

[1] This result would not change were the court to consider it as a request for relief under Rule 60(b). Rule 60(b)(1) authorizes a court to relieve a party from an order or judgment, *inter alia,* where the judgment is a result of the party's mistake, inadvertence, surprise, or excusable neglect.  Fed. R. Civ. P. 60(b)(1).  Plaintiff presents no evidence as would justify relief on this basis.